UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MORGAN SMITH, ET AL.,** | § | |
|     **Appellants** | § | |
| | § | |
| v. | § | Civil No. CC-09-54 |
| | § | |
| **WINNSBORO EQUIPMENT INC.,** | § | |
| **ET AL.,** | § | |
|     **Appellees** | § | |

**<u>MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT</u>**

      Chapter 12 debtors Morgan and Janet Smith ("Debtors") own 81.89 acres of land in Odem, San Patricio County, Texas ("the Odem property").  Pursuant to 11 U.S.C.§522(b)(3)(A), Debtors claim the Odem property is exempt from the bankruptcy estate because it qualifies as their homestead under the laws of the State of Texas.  Creditor, Winnsboro Equipment, Inc. ("Winnsboro"), and the Chapter 12 Trustee, Merle H. McGinnis, object on the grounds that Debtors were at all relevant times domiciled in the State of Louisiana, and are therefore not entitled to claim exemptions under Texas law.  Applying Louisiana law to Debtors' claimed exemption, the Bankruptcy Court sustained the objection and found the exemption was limited to $25,000.00.  Debtors appeal that ruling to this Court.  For the reasons explained below, the Bankruptcy Court's ruling is AFFIRMED.

                                        **I.    APPLICABLE LAW**

      Title 11 U.S.C. §522(b) provides that an individual debtor may exempt certain property from the property of the bankruptcy estate.  *See* 11 U.S.C. §522(b)(1).  Such property includes but is not limited to:

1

>   (1)   any property that is exempt under Federal law ... or State or local law
>
>   (2)   that is applicable on the date of the filing of the petition
>
>   (3)   at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place." *Id*. at §522(b)(3)(A).

The question of a person's domicile is a matter of federal common law. *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003). A person acquires a "domicile of origin" at birth, and this domicile is presumed to continue absent sufficient evidence of change. *Id.* (citing *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)). In order to defeat the presumption and establish a new domicile, the person must demonstrate both (1) residence in a new state, and (2) intention to remain in that state indefinitely. *Acridge*, 334 F.3d at 448. In determining whether a person has changed his domicile, courts have identified many factors which should be considered. *Coury*, 85 F.3d at 251. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licences, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. *Id*. The court should weigh all factors equally; no single factors is determinative. *Id*. Statements of intent, either to remain in a previous domicile or to establish a new one, are "entitled to little weight" if they conflict with the objective facts. *Id*.

Although most courts regard domicile as presenting a mixed question of law and fact, in practice, the determination of domicile is reviewed on appeal as a question of fact and will be upheld unless clearly erroneous. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (citing *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir. 1979)). *See also In re*

*Lowenschuss*, 171 F.3d 673, 684 (9th Cir. 1999), *cert. denied*, 528 U.S. 877 (1999). Under the clearly erroneous standard of review, a finding of fact will not be set aside unless, based upon the entire record, the court is left with a definite and firm conviction that a mistake has been made. *In re Coston*, 991 F.2d 257, 261-62 (5th Cir. 1993) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). If the bankruptcy court's "account of the evidence is plausible in light of the record viewed in its entirety," it will not be reversed. *In re Coston*, 991 F.2d at 262. The court must give due regard to the opportunity of the bankruptcy court to judge the credibility of witnesses. *Id*. (citing FED. R. BANKR. P. 8013).

## II.  ANALYSIS

In this case, the Bankruptcy Court made two findings under the third prong of §522(b)(1). The Bankruptcy Court first found Debtors' domicile was not located within a single State for the 730 days immediately preceding the date of the filing of the petition." Second, the Bankruptcy Court found Debtors were domiciled in the State of Louisiana for the "180 days immediately preceding the 730-day period." Debtors contend the Bankruptcy Court erred in making these findings. Debtors claim Texas has been their domicile since birth and has never changed. While they admit to having *resided* in Louisiana for a period of time, Debtors maintain they never intended to make Louisiana their *domicile*.

The Court has reviewed the pleadings and appellate record and finds no clear error in the Bankruptcy Court's findings. According to his sworn affidavit and deposition testimony, in 1987, at the request of his employer, Mr. Smith began commuting from Del Rio, Texas, to Monroe, Louisiana, where he established and managed a farming operation. At a hearing before the bankruptcy court on December 15, 2008, Mr. Smith testified that the commute became burdensome,

and in 1990, he and his wife decided to move to Louisiana. Their son was going to start kindergarten and they "wanted to put [him] somewhere and stay a while until he got out of high school." In 1991 Debtors bought a four bedroom house in Monroe, Louisiana "so [Mr. Smith] would have a place to live and a place for my family while there working." According to the State of Louisiana Ouachita Parish Assessor's Office, Debtors "had the Homestead Exemption Status on the home at 2907 River Oaks Drive, Monroe, LA 71201 from March 7, 1991 until April 2, 2007, when the property was sold..." Mr. Smith registered to vote in Precinct 75 of Ouachita Parish on January 23, 1996, and voted in several elections. The State of Louisiana issued Mr. Smith a Certificate of Title for his vehicle on August 27, 2001. Debtors testified they opened bank accounts in Louisiana and that from 1993 to 2006 they did all of their banking in Louisiana. Mr. Smith testified that he was very active in the community for the sixteen years that he lived in Louisiana. He was Vice President of the Farm Bureau Board in Ouachita Parish, President of the Northeast Louisiana Rice Growers, and a board member on the Sparta Aquifer Board.

According to Mr. Smith's sworn affidavit, in 2006, his farming operation experienced major crop failures. The operation was completely dissolved in 2007. As a result thereof, Debtors closed their Louisiana bank accounts, sold their house, and moved to Odem, Texas. Included in the record is a Voter Registration Certificate issued by the State of Texas, which shows Mr. Smith is registered to vote in San Patricio County, Texas, effective January 1, 2008. In his sworn deposition, Mr. Smith testified that he opened a bank account at the First State Bank of Odem in November 2006. On September 14, 2007, Mr. Smith submitted an Application for Residential Homestead Exemption for the property at 5212 CR 1931 in San Patricio County, Texas, which is on the 81.89 acres of property that is at issue in this appeal. Mr. Smith currently lives in a travel trailer on that land, but his wife and son are living inside the town of Odem.

The Court finds that for the first relevant statutory period, i.e. "the 730 days immediately preceding the date of the filing of the petition," which in this case would be November 15, 2005, to November 15, 2007, Debtors did not maintain a single domicile. The evidence cited above demonstrates that Debtors established a new domicile with they moved from Texas to Louisiana in 1990. While living in Louisiana, Debtors established a new residence in Monroe and otherwise behaved as if they intended to remain in Louisiana indefinitely. *See Acridge*, 334 F.3d at 448. The evidence also demonstrates that Debtors established a new domicile when they moved from Louisiana to Texas in 2007. The evidence shows they established a new residence in Odem and intend to remain their indefinitely.

The Court acknowledges and appreciates Debtors' testimony that they "lived in Louisiana for business purposes only," that they "never intended to make Louisiana their permanent home," and that they "were always coming back to Texas" to live on the "home place" in Odem, Texas. However, this Court is persuaded that the objective evidence conflicts with Debtors' testimony. As such, Debtors' statements are entitled to little weight. *See Coury*, 85 F.3d at 251.

For the same reasons explained above, the Court finds that Debtors were domiciled in the State of Louisiana for the second relevant statutory period, i.e. the "180 days immediately preceding the 730-day period," which in this case would be May 18, 2005, to November 14, 2005. As such, the Bankruptcy Court correctly determined that Louisiana law should apply to determine whether Debtors' land would be exempt from the bankruptcy estate.

Debtors also object that the Bankruptcy Court erred in giving no deference to a related state court ruling. Specifically, on November 16, 2007, the 156th Judicial District Court of San Patricio County, Texas, heard Winnsboro's Motion for Turnover Order, asking the court to turnover Mr. Smith's "undivided interest in and to approximately 245 acres" in San Patricio County, Texas, to

5

satisfy its $28,828.20 judgment against Mr. Smith.[1]  The following dialogue took place at the hearing:

| | |
|---|---|
| **Counsel for Winnsboro:** | ...I don't believe at this point in time that he's [Mr. Smith] met his burden of proof [that the 81.79 acres is his homestead]. |
| **The Court:** | What is it that you think he hasn't proved? |
| **Counsel for Winnsboro:** | Well, I don't believe that he has proved that where he is living is in fact part of his homestead property. |
| **The Court:** | I think he has.  What else? |
| **Counsel for Winnsboro:** | Certainly hasn't proven, in my opinion, Your Honor, that the mineral interest in fact is not subject to turnover order, which would be encompassed by the terms of our motion. |
| **The Court:** | Modify your request.  Turnover on the mineral interest, your request is granted; as to the real estate, your request is denied.  Prepare and order, I'll sign it. |

The state court never entered a written order, and the Bankruptcy Court found "[T]he State District Court's ruling that Appellants' Texas property was their homestead was not a final order and is not *res judicata* on the issue of homestead in bankruptcy."  Citing to *Wittau v. Storie*, 145 S.W.3d 732 (Tex. App. – Fort Worth, 2004), Debtors contend the state court's order was a final judgment and that the doctrine of *res judicata* bars relitigation of the issue.  On March 1, 2010, this Court remanded this matter to the Bankruptcy Court for reconsideration of its finding.  *See* D.E. 10. On August 26, 2010, the Bankruptcy Court entered a supplemental memorandum, concluding that it is unnecessary for the Court to determine whether or not the state court's ruling is final because it has no effect on the Bankruptcy Code analysis of allowable exemptions under 11 U.S.C. §522(b)(3)(A).  *See In re Morgan C. Smith*, Cause No. 07-20614 (D.E. 67). Debtors received notice

---

[1] On November 21, 2006, the 5th Judicial District Court of Franklin Parish, Louisiana entered a $28,828.20 judgment against Morgan Smith in favor of Winnsboro Equipment, Inc.

of the Bankruptcy Court's modified memorandum and have filed no objections. *See In re Morgan C. Smith*, Cause No. 07-20614 (D.E. 68).

The Court agrees with the Bankruptcy Court and finds Debtors' argument has no merit or bearing on the issue on appeal to this Court. The Bankruptcy Court did not issue a ruling on the issue of homestead. The state court and the Bankruptcy Court considered distinct legal issues and made distinct legal findings, which are not necessarily inconsistent with each other. The state court determined the Odem property was Mr. Smith's *homestead* as of November 16, 2007. It did not find that such property was Mr. Smith's homestead prior to that time or that he was *domiciled* in Texas for the relevant statutory period under 11 U.S.C. §522(b)(3)(A). On the other hand, the Bankruptcy Court determined if and in what state Debtors had maintained a single domicile for a specific period of time described in the Bankruptcy Code. Specifically, the Bankruptcy Court found, and this Court agrees that "Debtors' domicile was not located within a single state for 730 days immediately preceding the date of their bankruptcy filing." This finding is not inconsistent with the state court's ruling. In fact, the Bankruptcy Court confirms in its order that Debtors claimed the Odem property as their homestead in June 2007, and this Court has already found that Debtors established a new domicile in Texas when they moved from Louisiana to Texas in 2007. The state court's finding that the Odem property was Mr. Smith's homestead as of November 16, 2007, is not dispositive of whether Debtors were domiciled in the State of Texas for the relevant statutory time period set forth in §522(b)(3)(A). Debtors' objection is overruled.

For the foregoing reasons, the Bankruptcy Court's ruling that Debtors' homestead exemption is limited to $25,000.00 is AFFIRMED.

ORDERED May 1, 2011.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE